# MAYER | BROWN

Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001
United States of America

T: +1 212 506 2500
F: +1 212 262 1910

mayerbrown.com

July 2, 2026

**Glen A. Kopp**
Partner
T: 212 506 2648
F: 212 849 5675
GKopp@mayerbrown.com

BY CM/ECF

**MEMO ENDORSED**
at page 2

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

Re:  *In re: B.C.I. Finances Pty Limited (In Liquidation), et al.*, No. 26-cv-4542 (ER)

Dear Judge Ramos:

We represent the Foreign Representative in the above-referenced matter and we write pursuant to Your Honor's memo endorsement directing the Foreign Representative to respond to Michael Binetter's request for an administrative stay. Dkt. 6. The Foreign Representative does not oppose the administrative stay but submits this response to highlight certain considerations that the Supreme Court recently emphasized govern the use of administrative stays.

In *United States v. Texas*, 144 S. Ct. 797 (2024), the Supreme Court addressed the purpose of and important considerations regarding administrative stays. The Court explained that administrative stays "do not typically reflect the court's consideration of the merits of the stay application." *Id.* at 798 (Barrett, J., concurring in denial of applications to vacate stay). Rather, they "freeze legal proceedings until the court can rule on a party's request for expedited relief." *Id.* (quoting R. Bayefsky, *Administrative Stays: Power and Procedure*, 97 Notre Dame L. Rev. 1941, 1942 (2022)). The Court observed that deciding whether to grant a stay pending appeal requires consideration of the four *Nken* factors, which include the applicant's likelihood of success on the merits. *Id.* An administrative stay, on the other hand, "buys the court time to deliberate." *Id.*

The Court further characterized the administrative stay as "a short-lived prelude to the main event: a ruling on the motion for a stay pending appeal." *Id.* at 799. Critically, the Court cautioned that the "real problem" is "the risk that a court will avoid *Nken* for too long." *Id.* An administrative stay "should last no longer than necessary to make an intelligent decision on the motion for a stay pending appeal," and "[o]nce the court is equipped to rule, its obligation to apply the *Nken* factors is triggered." *Id.* at 799-800. The Court warned that "[t]he time may come, in this case or another, when this Court is forced to conclude that an administrative stay has effectively become a stay pending appeal and review it accordingly." *Id.* at 800. Accordingly, the Court concluded that "[i]f a decision does not issue soon" on the motion for a stay pending appeal, the aggrieved party may seek appellate review of the administrative stay. *Id.*

In light of these principles, the Foreign Representative does not oppose the requested administrative stay but respectfully requests that Your Honor rule on the motion for a stay pending appeal on an expedited basis to avoid the administrative stay "effectively becom[ing] a stay

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England & Wales), Mayer Brown Hong Kong LLP (a Hong Kong limited liability partnership which operates in temporary association with Hong Kong partnership Johnson Stokes & Master) and Tauil & Chequer Advogados (a Brazilian law partnership).

Mayer Brown LLP

The Honorable Edgardo Ramos
July 2, 2026
Page 2

pending appeal." *Id.* The Foreign Representative proposes a July 16th deadline for responding to Mr. Binetter's opening brief.[1]

Respectfully Submitted,

**Mayer Brown LLP**

By:

_____

　　　　　Glen A. Kopp

> Binetter's request for an administrative stay is granted. The bankruptcy court's order to compel is administratively stayed pending resolution of Binetter's motion for a stay pending appeal. Binetter is directed to file the motion by July 9, 2026. The Foreign Representative's opposition brief is due July 16, 2026. Binetter's reply, if any, is due July 20, 2026. The parties are further directed to appear for a hearing regarding the motion on July 22, 2026, at 2:30 p.m. in Courtroom 619 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York 10007.
>
> The Clerk of the Court is respectfully directed to terminate the motion, Doc. 5.
>
> It is SO ORDERED.
>
> _____
> Edgardo Ramos, U.S.D.J.
> Dated:  July 2, 2026
> New York, New York

---

[1] Although the merits of Mr. Binetter's stay application are beyond the scope of this letter, the bankruptcy court categorically rejected his assertions regarding irreparable harm and the "staleness" of the Foreign Representative's investigation. Dkt. 5 at 1. The court concluded that Mr. Binetter's "arguments are legally meritless, untimely, and/or at odds with the factual record in this matter," and that the Foreign Representative faces "tens of millions in potential recoveries that may be lost . . . should discovery not proceed." Dkt. 5 Ex. D at 13 n.8, 15. Indeed, "[t]his matter . . . has been (and continues to be) mired in discovery disputes, including instances of the same arguments lacking a strong merits foundation having been recycled more than once, which suggests that these disputes may have been interposed, at least in part, to cause delay and frustrate the asset tracing exercise of the Foreign Representative." *Id.* at 14-15.